# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10805
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO CESAR NICOLI-FUENTES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-21-ALL

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Nicoli-Fuentes (Nicoli) pleaded guilty to illegal reentry after deportation and was sentenced to 46 months of imprisonment and three years of supervised release.

Nicoli argues that his sentence, which was within the recommended guidelines range, was procedurally unreasonable because the district court did not provide sufficient reasons for imposing his within-guidelines sentence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was substantively unreasonable because the district court did not give proper weight to his cultural assimilation and other mitigating factors.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Because Nicoli did not challenge either the district court's reasons for the sentence imposed or the substantive reasonableness of his sentence in the district court, these issues should be reviewed for plain error. See Unites States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008); United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert denied, ___ U.S. ___, 2008 WL 227315 (June 23, 2008) (No. 07-8978). Nicoli contends for the purpose of preserving the issue for further review that Peltier was wrongly decided and that he should not have been required to object specifically to the reasonableness of his sentence in order to preserve the issue for review. However, this court is bound by its decision in Peltier until it is changed by this court acting en banc or until the Supreme Court clearly holds or teaches to the contrary. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Nicoli has not shown that the district court plainly erred by failing to sufficiently state its reasons for sentencing. See Lopez-Velasquez, 526 F.3d at 806. The district court's adoption of the presentence report and its statement that it had considered Nicoli's arguments for a downward departure and the § 3553(a) factors in determining his within-guidelines sentence constituted sufficient reasons for imposing his sentence. See Rita v. United States, 127 S. Ct.

2456, 2468-69 (2007); United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir. 2008).

Nicoli also has not shown that the district court plainly erred in imposing a sentence that was substantively unreasonable. Nicoli's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita, 127 S. Ct. at 2462. Although Nicoli contends that the district court did not take into account certain mitigating factors, Nicoli made these arguments at sentencing, and the district court stated that it had taken into consideration these arguments, as well as the § 3553(a) factors, in sentencing him. Nicoli also argues that his sentence did not meet the § 3553(a)(2)(A) requirement that it reflect the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment because the 16-level increase in his offense level based on his prior convictions of armed robbery caused his sentence for an "international trespass violation" to be more severe than the sentences for other more serious crimes. However, a district court's refusal to deviate from the guidelines range based on the severity of a guidelines provision has not been held to be unreasonable. See Kimbrough v. United States, 128 S. Ct. 558, 570-76 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Nicoli also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.